UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kristina Lleshi, et al., <br><br> Plaintiffs, <br><br> —v— <br><br> John Kerry, et al., <br><br> Defendants. | 14-cv-7412 (AJN) <br><br> MEMORANDUM & <br> ORDER |

ALISON J. NATHAN, District Judge:

Plaintiff Kristina Lleshi seeks to overturn a consular official's decision to deny her visa application on behalf of herself and co-Plaintiffs Fran Lleshi and Marsel Lleshi, her husband and son, respectively. Defendants John Kerry, Colombia A. Barrosse, and Patrick F. Kennedy (collectively the "Defendants" or the "Government") move to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim. For the reasons below, the Defendants' motion is GRANTED.

## I.    BACKGROUND

Plaintiffs Kristina Lleshi and Fran Lleshi are citizens of Albania presently residing in Italy. *See* Am. Compl. ¶¶ 8-9. Plaintiff Marsel Lleshi is also a citizen of Albania, but resides in Brooklyn, New York pursuant to a F-1 non-immigrant student visa. *Id.* ¶ 10. On or about October 2, 2011, Kristina Lleshi applied to participate in the Diversity Visa program ("DV program"), which grants visas to people from countries that have historically sent relatively few immigrants to the United States. *Id.* ¶ 21. *See also* 8 U.S.C. § 1153(c). The DV program has certain prerequisites, including that the visa applicant have "at least a high school education or its equivalent." *Id.* § 1153(c)(2)(A).

1

On May 1, 2012, Lleshi learned that she had won a slot in the DV program. *Id.* Following instructions she received from the State Department, Lleshi submitted documentation concerning her secondary education, her birth certificate, proof of her lawful residency in Italy, proof of her employment in Italy, and various other papers. *See* Am. Compl. ¶ 22. On January 11, 2013, the State Department informed Lleshi that she was required to attend a visa interview at the U.S. Consulate General in Naples, Italy on March 27, 2013. *Id.* ¶ 23. In anticipation of the interview, Lleshi underwent a medical examination on March 26, 2013 and proceeded to attend the interview with her husband and son. *Id.* ¶¶ 23-25. After filing additional paperwork, Lleshi received an email from the State Department asking her to attend an appointment at the U.S. Consulate General in Naples on August 7, 2013. *Id.* ¶¶ 26-27. At that meeting, Lleshi was informed that her visa application was being denied on the grounds that she lacked a secondary education that was the equivalent of a high school education in the United States. *Id.* ¶ 27.

After the denial of her application, Lleshi obtained legal representation and, on September 11, 2013, submitted a request that her application be re-examined. *Id.* ¶¶ 29-30. On September 20, 2013, a visa officer from the U.S Consulate General in Naples responded to the request, explaining that Lleshi's high school transcript revealed her secondary education to be primarily vocational in nature, with an emphasis on zootechnical studies. *Id.* ¶ 30. The visa officer further explained that relatively few credits on Lleshi's high school transcript were in academic subjects and that, accordingly, she did not meet the educational requirement for the DV program. *Id.* After further appeals to the U.S. Consulate General in Naples, Lleshi received an email on September 27, 2013 stating that the consular officer's decision on the matter was final and could not be further appealed. *Id.* ¶¶ 32-39. Lleshi then brought this action on September

2

12, 2014, alleging violations of the Administrative Procedures Act and procedural due process, and seeking injunctive and declaratory relief. *See* Dkt. Nos. 1, 8.

## II.   LEGAL STANDARD

A motion brought under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the case. *See* Fed. R. Civ. P. 12(b)(1).  Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See id.*; *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a Rule 12(b)(1) motion to dismiss "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted); *Gertskis v. U.S. E.E.O.C*, 11-cv-5830 (JMF), 2013 WL 1148924, at *4 (S.D.N.Y. Mar. 20, 2013).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  And "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Frisone v. Pepsico Inc.,* 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (quoting *Augienello v. Fed. Deposit Ins. Corp.,* 310 F. Supp. 2d 582, 587 (S.D.N.Y. 2004).  *See also Qian Jin Lin v. Anderson*, 12-cv-0451 (AJN), 2013 WL 3776249, at *2 (S.D.N.Y. July 18, 2013).

## III.    DISCUSSION

The Defendants contend, *inter alia*, that this Court lacks subject-matter jurisdiction over the instant action based on the doctrine of consular non-reviewability.  That doctrine represents "the principle that a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009).  *See also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1160 (D.C. Cir. 1999) ("Under succeeding incarnations of federal immigration law through to the present, this court and other federal courts have adhered to the view that consular visa determinations are not subject to judicial review.") (collecting cases).  The doctrine, long recognized within this Circuit, is "well settled and beyond dispute." *Foad v. Holder*, 13-cv-6049, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015).  *See also U.S. ex rel. London v. Phelps*, 22 F.2d 288, 290 (2d Cir. 1927) ("Whether the consul has acted reasonably or unreasonably is not for us to determine. Unjustifiable refusal to vise a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against . . . It is beyond the jurisdiction of the court.")

The doctrine finds its origins "in Congress' plenary power in the regulation of immigration and admission of aliens into the United States." *Castillo v. Rice*, 581 F. Supp. 2d 468, 475 (S.D.N.Y. 2008).  *See also Kleindienst v. Mandel,* 408 U.S. 753, 766 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications") (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)) (internal quotations removed).  Accordingly, the doctrine is broad in scope, precluding a court from reviewing a consular officer's decision even if that decision's "foundation was

erroneous, arbitrary, or contrary to agency regulations." *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 467 (S.D.N.Y. 2008).

Despite its broad reach, courts have carved out a limited exception to the consular non-reviewability doctrine "in cases brought by U.S. citizens raising constitutional, rather than statutory, claims." *Am. Acad. of Religion v. Chertoff,* 463 F.Supp.2d 400, 417 (S.D.N.Y. 2006). *See also Mandel*, 408 U.S. at 770; *Kerry v. Din*, 135 S. Ct. 2128, 2140 (2015).   Even where this strictly limited exception applies, the Government need only provide a "facially legitimate and bona fide reason" for its decision. *Am. Acad. of Religion*, 573 F.3d at 121 (quoting *Mandel,* 408 U.S. at 770).  In such circumstances, "the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the [constitutional] interests of those who seek" review of a consular determination. *Mandel*, 408 U.S. at 770.

This case presents a straightforward application of the consular non-reviewability doctrine.  Consular officials are vested by statute with the exclusive power to issue or deny visas. *See* 8 U.S.C. § 1201(a).  *See also Lihua Jiang v. Clinton*, 08-cv-4477 (NGG) (RML), 2011 WL 5983353, at *4 (E.D.N.Y. Nov. 28, 2011).  Plaintiffs challenge the substance of the consular officer's determination that Lleshi failed to obtain the sort of secondary education required by the DV program, thus precluding her from receiving a visa.  They argue that the officer's decision "cannot even withstand *prima facie* scrutiny . . . because it is patently untrue."  Opp. at 5.  Plaintiffs further contend that "[a]ny common sense reading of the documents [submitted by Lleshi] holds this to be true."  *Id.* at 6.  In effect, Plaintiffs ask the Court to perform the same task as the consular officer, first by reviewing Lleshi's educational submissions to the U.S. Consulate General and then determining whether they demonstrate her compliance with the visa requirements set by Congress.  The Court lacks jurisdiction to entertain such a request.  *See Wan*

*Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("The district court correctly held that no jurisdictional basis exits for review of the action of the American Consul in Taiwan suspending or denying the issuance of immigration visas to appellant's children there. It is settled that the judiciary will not interfere with the visa-issuing process."); *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 557 (2d Cir. 1975) ("We hold, in short, that the district court correctly decided that it did not have subject matter jurisdiction to review" denial of an Italian citizen's visa application). Indeed, this is the very sort of "look behind" review the consular non-reviewability doctrine is meant to preclude. *Mandel*, 408 U.S. at 770. *See also Din*, 135 S. Ct. at 2140. Accordingly, the consular non-reviewability doctrine acts as a jurisdictional bar on Plaintiffs' claims. *See, e.g.*, *Hossain v. Rice*, 07-CV-2857 DLI (VVP), 2008 WL 3852157, at *3 (E.D.N.Y. Aug. 16, 2008); *Gogilashvili v. Holder*, 11-cv-01502 (RRM), 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012); *Foad*, 2015 WL 1540522, at *3; *Khanom v. Kerry*, 37 F. Supp. 3d 567, 573 (E.D.N.Y. 2014); *Lihua Jiang*, 2011 WL 5983353, at *4; *Salem v. Mukasey*, 683 F. Supp. 2d 289, 290 (W.D.N.Y. 2010).

This case does not implicate the limited exception to the doctrine identified by the Supreme Court in *Mandel* and further expounded by the Second Circuit in *American Academy of Religion*. As an initial matter, none of the Plaintiffs are United States citizens. *See* Am. Compl. ¶¶ 8-10. *See also Am. Acad. of Religion*, 573 F.3d at 121 (interpreting *Mandel* to have "recognized that United States citizens could invoke federal court jurisdiction to challenge a visa denial on the ground that the denial may have violated *their*" constitutional rights) (emphasis in original). Further, because visas do not constitute a life, liberty, or property interest sufficient to invoke the protections of due process, Plaintiffs have failed to identify a valid constitutional claim upon which to predicate any challenge to the consular officer's decision. *See Yu Chu Hom*

*v. Goldbeck*, 08-cv-3159 (SLT), 2010 WL 2265054, at *3 (E.D.N.Y. May 28, 2010)

(citing *Burrafato,* 523 F.2d at 555 n.2 & 557).

Even if the Plaintiffs' claims fell within the narrow confines of this exception, their challenge would still necessarily fail because the Government has proffered a "facially legitimate and bona fide reason" for its decision. *Mandel*, 408 U.S. at 770. The DV program requires visa recipients to have obtained a secondary education comparable to a high school education in the United States. *See* 8 U.S.C. § 1153(c)(2)(A). The consular official charged with Lleshi's application determined that she did not meet this requirement. *See* Am. Compl. ¶ 27. Taken at face value, this reason is in keeping with the statutory scheme enacted by Congress and does not suggest any improper or *ultra vires* motivation on the part of the consular official. *See Am. Acad. Of Religion*, 573 F.3d at 126 ("We think the identification of both a properly construed statute that provides a ground of exclusion and the consular officer's assurance that he or she 'knows or has reason to believe' that the visa applicant has done something fitting within the proscribed category constitutes a facially legitimate reason.")

## IV.   CONCLUSION

In conclusion, the Defendants' motion is GRANTED. Because the Court concludes that it lacks subject-matter jurisdiction over this action, it does not reach the Defendants' arguments under Rule 12(b)(6), including that Plaintiffs' claims are moot and that they have failed to state a due process violation. This resolves Dkt. No. 11. The Clerk of Court is instructed to terminate the case.

SO ORDERED.


Dated: Sept. 1, 2015
       New York, New York

_____
       ALISON J. NATHAN
       United States District Judge